UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| In re | Case No. 05-10417 |
|---|---|
| | Chapter 7 |
| CHRISTOPHER A. MILLER and | |
| TERRI G. MILLER, | |
| Debtors. | |
| | |
| CORNERSTONE HOMES, LLC | Adv. Pro. No. 05-1106 |
| and SOUTH ALABAMA | |
| PROPERTIES, LLC, | |
| Plaintiffs, | |
| v. | |
| CHRISTOPHER A. MILLER, | |
| Defendant. | |

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for trial on September 20, 2006, at 10:00 a.m., in Dothan, Alabama. (Doc. 12). Plaintiffs Cornerstone Homes, LLC and South Alabama Properties, LLC (hereinafter "Plaintiffs") were present by counsel Collier H. Espy, Jr., and J. Kaz Espy. Debtor Christopher Allen Miller (hereinafter "defendant") did not appear. Plaintiffs made a proffer of their evidence, and the Court ruled in their favor. (Doc. 19). The Defendant has now filed a motion to set aside the judgment. (Doc. 23). For the reasons set forth below, the Defendant's motion is DENIED.

## I. FACTS

On February 25, 2005, the Defendant filed a voluntary bankruptcy petition under Chapter 7 of the Code. (Case No. 05-10417, Doc. 1). On September 19, 2005, the

Plaintiffs filed this Adversary Proceeding against the Defendant. (Doc. 1). The complaint seeks to except amounts totaling $335,336.64 from the Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2). The Defendant was served with a copy of the summons and complaint. (Doc. 5).

On January 9, 2006, at 11:36 a.m., a telephonic scheduling conference was held with the Honorable Dwight H. Williams, Jr., then presiding judge in the adversary proceeding. (Doc. 10). Collier H. Espy, Jr., attorney for the Plaintiffs, and the Defendant were present at the hearing by telephone. During the hearing, Judge Williams set the trial date in the case for September 20, 2006, at 10:00 a.m., in Dothan, Alabama. The Defendant participated in the hearing and confirmed that he was available for the day of the trial.

On September 20, 2006, a trial was held in Dothan, Alabama. The Plaintiffs were present by counsel, Collier Espy, Jr. and J. Kaz Espy. The Defendant did not appear. The Plaintiffs proffered their evidence, and the Court ruled in favor of the Plaintiffs. On October 10, 2006, the Court ordered that $335,336.64 was excepted from the Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2). (Doc. 20). On November 9, 2006, the Defendant filed this Motion to Set Aside Judgment. (Doc. 23). Plaintiffs filed an opposition to the motion. (Doc. 24).

## II. DISCUSSION

The Defendant filed a motion to set aside the judgment entered against him in this Adversary Proceeding. Because this motion was filed more than ten days after the entry of judgment, his motion must be considered under Rule 60(b). FED. R. CIV. P. 60(b), as made applicable to Adversary Proceedings through FED. R. BANKR. P. 9024, provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

Fed. R. Civ. P. 60(b).

The Defendant alleges that the judgment should be set aside because: (1) he did not receive notice of the September 20 trial date; and (2) he does not have any assets. The Court will not address the second argument, as it is irrelevant. The Defendant's first argument is without merit, because he had verbal notice of the trial date. The Court's record reflects that he was present at the telephonic hearing when the trial date was announced. Furthermore, the Defendant acknowledged that he was available for a trial on that date.

### III. CONCLUSION

For the reasons set forth above, the Court finds that the Defendant had notice of the trial date. The Court will enter a separate order denying the Defendant's Motion to Set Aside Judgment.

Done this the 14th day of November 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Collier H. Espy, Jr., Attorney for Plaintiff
   Christopher Allen Miller, Debtor